Joseph A. Martin, Esq.
Jeffrey Lubin, Esq.
Martin Law Firm, LLC
10000 Sagemore Drive, Suite 10203
Marlton, New Jersey 08053
Tel.: (856) 888-7020
E-mail: jmartin@martinlawfirm.us
         jlubin@martinlawfirm.us

Attorneys for Plaintiff, InvenTel Products, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INVENTEL PRODUCTS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JIMMY LI, LIN AMY, GODADDY.COM LLC, GODADDY INC., SHOPIFY (USA) INC., SHOPIFY INC., GOOGLE LLC, GOOGLE.COM LLC, WU JINZHAO, JOHN/JANE DOE, ABC CORP.,<br>                              Defendants. | No.<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff, InvenTel Products, LLC ("InvenTel") by way of Complaint against Defendants Jimmy Li, Lin Amy, GoDaddy.com LLC, GoDaddy Inc., Shopify (USA) Inc., Shopify Inc., Google LLC, Google.com LLC, Wu Jinzhao, John/Jane Doe, ABC Corp. ("Defendants"), alleges as follows:

**NATURE OF THE ACTION**

This is an action for trademark infringement, trade dress infringement, patent infringement, copyright infringement, false advertising and unfair competition based on

1

Defendants passing off their product as an InvenTel product using InvenTel's trademarks and television commercial and literature.

## PARTIES

1. Plaintiff InvenTel is a New Jersey limited liability company, with its principal place of business at 200 Forge Way, Unit 1, Rockaway, New Jersey 07866.

2. Upon information and belief, Defendant Jimmy Li is a natural person residing and/or with a place of business at 1514 Woodsdale Road, Wilmington, DE 19809 who regularly transacts business throughout the United States, including the State of New Jersey.

3. Upon information and belief, Defendant Lin Amy is a natural person residing and/or with a place of business at 141554 Woodsdale Road, Wilmington, DE 19809 who regularly transacts business throughout the United States, including the State of New Jersey.

4. Upon information and belief, Defendant GoDaddy.com, LLC is a limited liability company existing under the laws of the State of Delaware with a principal place of business at 14455 N. Hayden Rd., Ste. 226, Scottsdale, AZ 85260, which regularly transacts business throughout the United States, including the State of New Jersey.

5. Upon information and belief, Defendant GoDaddy Inc. is a corporation existing under the laws of the State of Delaware with a principal place of business at 14455 N. Hayden Rd., Ste. 226, Scottsdale, AZ 85260, which regularly transacts business throughout the United States, including the State of New Jersey.

6. Upon information and belief, Defendant Shopify (USA) Inc. is a corporation existing under the laws of the State of Delaware with a principal place of business 33 New Montgomery St. Ste 750 San Francisco, CA, 94105, which regularly transacts business throughout the United States, including the State of New Jersey.

7. Upon information and belief, Defendant Shopify Inc. is a Canadian entity with a principal place of business at 150 Elgin Street, 8th Floor Ottawa, ON, Canada K2P 1L4 which regularly transacts business throughout the United States, including the State of New Jersey.

8. Upon information and belief, Defendant Google LLC Is a Delaware Corporation with a principal place of business 1600 Amphitheatre Parkway, Mountain View, California 94043 which regularly transacts business throughout the United States, including the State of New Jersey..

9. Upon information and belief, Defendant Google.com LLC Is a New York Corporation with a principal place of business 1600 Amphitheatre Parkway, Mountain View, California 94043 which regularly transacts business throughout the United States, including the State of New Jersey.

10. Upon information and belief, Defendant Wu Jinzhao is a natural person or other Legal entity residing and/or with a place of business at Baicheng Village No. 145, Chengxianqu Pitianshi Fujian, ChengXianQu Putianshi FUJIAN 351100 in China who regularly transacts business throughout the United States, including the State of New Jersey.

11. Upon information and belief Defendant John/Jane Doe is an unknown natural person who resides in the State of New Jersey and/or regularly transacts business throughout the United States, including the State of New Jersey.

12. Upon information and belief Defendant ABC Corp is an unknown legal entity existing under the laws of the State of New Jersey and/or regularly transacting business throughout the United States, including the State of New Jersey.

## JURISDICTION AND VENUE

13. This action arises under the Trademark and Unfair Competition Laws of the United States Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Copyright Laws of the United States, Section 501 of the Copyright Act of 1976, 17 U.S.C. § 501, the Patent Laws of the United States under Title 35 of the US Code, the statutory and common law of the State of New Jersey, N.J.S.A. §56:3-13.16, and the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-2, et seq.

14. Jurisdiction of this Court is founded upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a)(2), 1338(a) and (b), and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.

15. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have committed acts of trademark infringement, trade dress infringement, copyright infringement, patent infringement, and unfair competition and caused injury within this Judicial District. Upon information and belief, Defendants have purposefully engaged in activities giving rise to the claims asserted in this action, and have purposely availed itself of the privilege of conducting commercial activities in this Judicial District which give rise to the claims asserted herein. Upon information and belief, Defendants also have delivered goods sold under infringing marks into the stream of commerce with the expectation that those goods will be purchased and used by consumers in this Judicial District. Upon information and belief, Defendant have offered for sale and/or sold goods under the infringing marks throughout the United States, including within this Judicial District.

16. Venue is proper within this Judicial District under 28 U.S.C. §§ 1391(b) and (c)(3).

**FACTUAL ALLEGATIONS**

17. Plaintiff is engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

18. Plaintiff markets and sells the HD MIRROR CAM® ("HD MIRROR CAM")

19. HD MIRROR CAM is a personal security camera designed for automobiles used by customers worldwide.

**Plaintiff's Intellectual Property**

20. Plaintiff is the owner of all right, title and interest in United States Trademark Registration 5,426,346 for the mark  in connection with "dashboard cameras" in International Class 9 (the "Trademark").  Registration issued on March 20, 2008.

21. Plaintiff has invested substantial amounts of money in advertising the product nationally including the creation and publication of a television commercial, infomercial, and instructional video for the HD Mirror CAM product (collectively the "HD MIRROR CAM Commercial")

22. The HD MIRROR CAM Commercial is a wholly original work of authorship fixed in a tangible medium of expression and is copyrightable subject matter under the Copyright Law of the United States.

23. U.S. Copyright Registration Nos. PAu003801209, PAu003809586, PAu003811447, PA0002088600, VAu001245670 duly issued covering the HD MIRROR CAM

Commercial and are valid and subsisting. Plaintiff is the owner of all right, title and interest in the HD MIRROR CAM Commercial.

24. Further the HD MIRROR CAM Commercial contains and incorporates images of the Trademark.

25. Plaintiff has invested substantial amounts of money in advertising the product nationally including the creation and publication of literature including but not limited to instruction manuals, packaging designs for the HD Mirror Cam product (collectively the "HD MIRROR CAM Literature")

26. The HD MIRROR CAM Literature is a wholly original work of authorship fixed in a tangible medium of expression and is copyrightable subject matter under the Copyright Law of the United States.

27. U.S. Copyright Registration Nos. VAu001259881, VAu001263676, VAu001245670, and VAu001249643 duly issued covering the HD MIRROR CAM Literature and are valid and subsisting. Plaintiff is the owner of all right, title and interest in the HD MIRROR CAM Literature.

28. Further the HD MIRROR CAM Literature contains and incorporates images of the Trademark.

29. Plaintiff has invested substantial amounts of money in developing the HD MIRROR CAM product and is the owner/applicant of the following United States Patents and Patent Applications covering same: Patent No. D834,476 Issued Nov. 27, 2018, Patent Application Number 29/570,795, filed July 12, 2016; Patent Application Number 15/253,127, filed Aug. 31, 2016.

30. Plaintiff is also the owner of the following relevant foreign intellectual property covering the product and marks: Taiwan Patent Nos. M530261 and D181944; Chinese Patent Nos. 4001520 and 4001520; Chinese Trademark App. No. 34384467

31. As a direct result of Plaintiff's marketing efforts, the HD MIRROR CAM product has been extremely successful in the marketplace.

### Li Defendants' Deception

32. Upon information and belief, Defendants Jimmy Li, Lin Amy, Wu JinZhao, John/Jane Doe and ABC Corp (Collectively referred to herein as the "Li Defendants") work together to, inter alia, sell knock off goods to customers throughout the United States and specifically into New Jersey, as individuals and as corporate entities.

33. There are numerous entries on ripoffreport.com which specifically refer to Wu Jinzhao at the address noted above in paragraph 10 as selling other knock off items such as sketcher shoes and adidas sneakers.

34. Upon information and belief, the Li Defendants have been marketing and selling inauthentic products which infringe Plaintiff's patent and trademark to customers throughout the United States and specifically into New Jersey (the "Passed Off Product") and using Plaintiff's registered trademark without authorization. (the "Infringing Mark")

35. Upon information and belief, the Li Defendants also own and operate the following web sites, which sell and/or have sold the Passed Off Product while infringing Plaintiff's trademark: https://onlinecheap-shop.myshopify.com, https://hdmirrorcamstore.com, www.ihdmirrorcam.com, www.hdmirrorcamonlinestore.com (collectively the "Li websites")

7

36. Upon information and belief, the Li Defendants have been using the Infringing Mark to market and sell the Passed Off Product on the Li Websites and several social media platforms, including, but not limited to Facebook, Twitter, and Instagram.

37. Upon information and belief, the Li Defendants' advertisements using the Infringing Mark has been viewed thousands of times.

38. Upon information and belief, the Li Defendants intentionally market the Passed Off Product with the Infringing Mark to confuse consumers, benefit from Plaintiff's efforts and the goodwill associated with Plaintiff's products and marks, and did so with full knowledge of plaintiff's rights in the HD MIRROR CAM marks.

39. As a result of the Li Defendants' acts, consumers are likely to be confused into believing that the Passed Off Product emanate from, or are sponsored or approved by Plaintiff.

40. To further its deception of the public, the LI Defendants unlawfully posted Plaintiff's HD MIRROR CAM Commercial on at least some of the Li Websites. Consumers visiting those websites viewed the HD MIRROR CAM Commercial and then mistakenly believed they were purchasing Plaintiff's authentic and authorized HD MIRROR CAM product but were instead sold the Passed Off Product.

41. Additionally, the Li Defendants violated plaintiff's copyrights on the Li Websites by broadcasting content thereon which infringes Plaintiff's copyrights protecting the HD MIRROR CAM literature.

42. Upon information and belief, the Li Defendants' unauthorized broadcast of the HD MIRROR CAM Commercial and literature has been viewed thousands of times.

43. Upon information and belief, the products sold and delivered by the Li Defendants throughout the United States and specifically into the State of New Jersey infringes

upon Plaintiff's patent rights and is contained in packaging that bears plaintiff's trademark without authorization. Further the products are accompanied by material that infringes the plaintiff's copyrights of which protect the HD MIRROR CAM Literature.

44. The Li Defendants never had authorization to use the HD MIRROR CAM Marks or the HD MIRROR CAM Commercial or literature in connection with the sale of the Passed Off Products. Further the Li Defendants never had authorization to use plaintiffs patent protected inventions.

45. Additionally, In or about October 2018, duly provided notice to Defendant Jimmy Li regarding the above infringing activity.

### Wrongful and Infringing Acts of the Other Defendants

46. Defendants Shopify (USA) Inc. and Shopify Inc. (collectively "Shopify") is a web-based ecommerce provider. According to Shopify: "Shopify is a complete commerce platform that lets you start, grow, and manage a business [] Create and customize an online store [] Sell in multiple places, including web, mobile, social media, online marketplaces, brick-and-mortar locations, and pop-up shops." *See* https://www.shopify.com/faq/what-is-shopify (last accessed November 28, 2018)

47. Shopify charges users a monthly fee plus fees for processing payments, including a percentage-based fee for all credit card sales. *See* https://www.shopify.com/pricing (Last accessed: November 28, 2018).

48. Certain users of the Shopify ecommerce platform engage in rampant intellectual property infringement and counterfeiting. Shopify is aware of such infringement and counterfeiting.

9

49. For instance, Shopify allows users to add products from China's largest ecommerce marketplace, AliExpress, directly to their "Shopify" stores. A recent study listed AliExpress as the leading online marketplace were counterfeit goods are most frequently bought and sold.[1]

50. Shopify purports to have a trademark infringement policy that it claims successfully weeds out infringers of intellectual property and sellers of counterfeit merchandise.

51. However, this policy is little more than "window dressing," as it does nothing to truly stop infringers and counterfeiters from selling bootleg merchandise.

52. Indeed, this purported policy actually allows infringers and counterfeiters access to an e-commerce platform, and when infringement is reported the policy actually allows those infringers and counterfeiters simply to change the name of the LLC or other entity registered with Shopify to a new name. The infringers and counterfeiters then simply continue to sell the bootleg goods to unsuspecting customers.

53. This policy contains multiple glaring loopholes, is ineffective at combating infringers, and does not result in the ban of counterfeit goods.

54. Quite the opposite – it actually allows for the continued violation of legitimate intellectual property rights, and the sale of counterfeit goods.

55. Shopify hosts and/or has hosted some of the Li websites which, as discussed above, were used to advertise, market, and sell products in the United States and specifically in New Jersey in violation of Plaintiff's trademark, copyright, and patent rights (collectively "intellectual property rights" or "IP rights").

---

[1] "Counterfeit Goods Are a $460 Billion Industry, and Most Are Bought and Sold Online" (accessible at: https://www.adweek.com/brand-marketing/counterfeit-goodsare-a-460-billion-industry-and-most-are-bought-and-sold-online/).

56. Shopify facilitates sales in the United States and specifically in New Jersey of the infringing products which occur on the Li Websites as a result of infringements of Plaintiff's IP rights.

57. In or about October 2018, Plaintiff duly notified Shopify of the infringement of plaintiff's IP rights related to and arising from those websites and sales demanded that Shopify cease its actions which facilitate such infringement.

58. Shopify has failed to do so timely, causing further damage to Plaintiff.

59. Defendants GoDaddy Inc. and GoDaddy.com LLC (collectively "GoDaddy") are Internet domain registrar and web hosting companies, upon information and belief GoDaddy has approximately 17 million customers and over 6,000 employees worldwide. Many of these customers and/or employees are located throughout the United States including in New Jersey.

60. Like Shopify, GoDaddy hosts many websites where infringing activity regularly occurs and also hosts and/or has hosted some of the Li websites which, as discussed above, were used to advertise, market, and sell products in the United States and specifically in New Jersey in violation of Plaintiff's trademark, copyright, and patent rights (collectively "intellectual property rights" or "IP rights").

61. In or about October 2018, Plaintiff duly notified GoDaddy of the infringement of plaintiff's IP rights related to and arising from those websites and demanded that GoDaddy cease its actions which facilitate such infringement.

62. GoDaddy has failed to do so timely, causing further damage to Plaintiff.

63. Defendants Google LLC and Google.com LLC (collectively "Google") specialize in Internet-related services and products, which include online advertising technologies, search engine, cloud computing, software, and hardware. Google's search engine is the dominant search

engine in the United States.  Google's AdWords allows advertisers to display their advertisements in the Google content network, through a cost-per-click scheme.

64. Google Adwords is an online advertising platform developed by Google, where advertisers pay to display brief advertisements, service offerings, product listings, video content and generate mobile application installs within the Google ad network to web users.  The system is based partly on cookies and partly on keywords determined by advertisers.   It has evolved into Google's main source of revenue, contributing to Google's total advertising revenues of US$95.4 billion in 2017.  *See* https://en.wikipedia.org/wiki/Google_Ads and https://en.wikipedia.org/wiki/Google (last accessed on November 28, 2018).

65. When someone runs a search on Google, Google's search engine looks at the Adwords advertiser's pool and determines whether there will be an auction.  Advertisers (such as Plaintiff and the Li Defendants) identify, among other things, keywords they want to bid on and how much they want to spend.

66. Plaintiff duly notified Google regarding the infringement by the Li Defendants.

67. Despite same, Google has permitted and continues to permit the Li Defendants to bid in the auctions thereby facilitating the infringement discussed above.

68. Google has failed to take appropriate action timely, causing further damage to Plaintiff.

69. Defendants' acts as recited herein have been undertaken in bad faith so as to compete unfairly with Plaintiff.

70. Defendants' actions have damaged and/or are likely to damage the reputation and goodwill of Plaintiff.

71. Plaintiff is being irreparably injured and monetarily damaged by the Defendants' acts.

72. Plaintiff has no adequate remedy at law.

### **FIRST CAUSE OF ACTION – TRADEMARK INFRINGEMENT**

73. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth at length herein.

74. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75. The acts of Defendants alleged herein, including their unauthorized marketing, distribution and sale as well as facilitating and enabling same in interstate commerce of the Passed Off Product using Plaintiff's HD MIRROR CAM Marks, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of the Passed Off Products by Plaintiff.

76. Defendants have falsely and misleadingly described and suggested that the Passed Off Products emanate from or are sponsored or approved by Plaintiff, and the Defendants have facilitated and enabled such unlawful conduct.

77. Defendants' conduct was and is willful and intentional.

78. As a result of Defendants' infringement, Plaintiff has suffered substantial damages and other harm, and will continue to suffer damages and other harm, including the loss of goodwill and reputation established by Plaintiff's federally registered marks.  The infringement includes not only direct infringement, but contributory infringement and aiding and abetting the infringement.  The continued loss of goodwill cannot be properly calculated and thus

constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## SECOND CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

79. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth at length herein.

80. This cause of action arises under Section 501 of the Copyright Act of 1976, 17 U.S.C. § 501.

81. Defendants have infringed Plaintiff's U.S. Copyright Registrations by copying, displaying and transmitting, and distributing the HD MIRROR CAM Commercial and Literature on the LI Websites and with sold product, and Defendants have facilitated and enabled such unlawful conduct. The infringement includes not only direct infringement, but contributory infringement and aiding and abetting the infringement.

82. All of Defendants' acts, as alleged above, were without Plaintiff's authorization or consent, and the complained of acts are willful.

83. Defendants will, on information and belief, continue to infringe upon Plaintiff's rights under §501 of the Copyright Act unless and until they are enjoined by this Court. Plaintiff has been and is likely to continue to be injured unless Defendants' conduct as alleged herein is enjoined. Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION – PATENT INFRINGEMENT

84. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth at length herein.

85. This cause of action arises under 35 U.S.C. § 271.

86.     Defendants have infringed Plaintiff's U.S. Patent rights by making, using, selling distributing the HD MIRROR CAM product covered by plaintiff's patent as set forth above, and Defendants have facilitated and enabled such unlawful conduct.  The infringement includes not only direct infringement, but contributory infringement and aiding and abetting the infringement.

87.     All of Defendants' acts, as alleged above, were without Plaintiff's authorization or consent, and the complained of acts are willful.

88.     Defendants will, on information and belief, continue to infringe upon Plaintiff's rights under 35 USC § 271 and until they are enjoined by this Court.  Plaintiff has been and is likely to continue to be injured unless Defendants are enjoined.  Plaintiff has no adequate remedy at law.

### FOURTH CAUSE OF ACTION – UNFAIR COMPETITION, FALSE ADVERTISING & FALSE DESIGNATION OF ORIGIN

89.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth at length herein.

90.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.* as well as United States Patent Law under Title 35 of the United States Code.

91.     By the acts alleged above, Defendants have used in interstate commerce in connection with its goods a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff or as to the origin, sponsorship, authenticity or approval of the Passed Off Products by Plaintiff, and, therefore, has committed unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and 35 USC § 271.

92. Defendants' unauthorized and tortious conduct has also deprived, and will continue to deprive, Plaintiff of the ability to control the consumer perception of its products offered under Plaintiff's marks, placing the valued reputation and goodwill of Plaintiff in the hands of Defendants.

93. As a result of Defendants' aforesaid conduct, Plaintiff has suffered commercial damage, and will continue to suffer damages and other harm, including the loss of goodwill and reputation.  The continued loss of goodwill and reputation cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## FIFTH CAUSE OF ACTION – NEW JERSEY TRADEMARK INFRINGEMENT

94. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth at length herein.

95. This cause of action arises under N.J.S.A. §56:3-13.16, et seq.

96. The HD MIRROR CAM marks are also protected by common law.

97. The acts of Defendants alleged herein, including its unauthorized marketing, distribution and sale in interstate commerce of the Passed Off Product using Plaintiff's HD MIRROR CAM marks, and Defendants facilitating and enabling of such conduct, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship or approval of the Passed Off Product by Plaintiff.

98. By using such trademarks, Defendants have falsely and misleadingly described and suggested that Defendant's products emanate from or are sponsored or approved by Plaintiff.

99. Defendants' conduct was and is willful and intentional and done with the intent to cause confusion and mistake and to deceive.

100. As a result of Defendants' infringement, Plaintiff has suffered substantial damages and other harm, and will continue to suffer damages and other harm, including the loss of goodwill and reputation.  The continued loss of goodwill and reputation cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### SIXTH CAUSE OF ACTION – NEW JERSEY CONSUMER FRAUD ACT

101. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth at length herein.

102. This cause of action arises under New Jersey Consumer Fraud Act, N.J.S.A. §56:8-2, *et seq*.

103. The acts of Defendants alleged herein, including their unauthorized marketing, distribution and sale in interstate commerce of the Passed Off Product using Plaintiff's HD MIRROR CAM Marks and the HD MIRROR CAM Commercial and Literature, and Defendants' facilitating and enabling of such conduct, constitutes an unconscionable commercial practice, deception, fraud and misrepresentation to the public.

104. Defendants' conduct was and is willful and intentional and done with the intent that others rely on their deception, fraud and misrepresentation.  As a result of Defendants' acts, Plaintiff has suffered substantial damages and other harm, and will continue to suffer damages and other harm, including the loss of goodwill and reputation.

### JURY DEMAND

105. Plaintiff requests a jury trial on all issues that may be tried to a jury in this action.

**PRAYER FOR RELIEF**

    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Preliminarily and permanently enjoining Defendants, its agents, servants, employees and attorneys and all those acting in concert or participation with them:

   i. from distributing, advertising, promoting, selling, or offering for sale (or facilitating or enabling or aiding and abetting same) the Passed Off Product which infringes Plaintiff's Patent rights;

   ii. from distributing, advertising, promoting, selling, or offering for sale (or facilitating or enabling or aiding and abetting same) the Passed Off Product using the HD MIRROR CAM Marks, or any colorable imitation thereof, or the HD MIRROR CAM Commercial and Literature;

   iii. from using, or facilitating, enabling or aiding and abetting the use of, the HD MIRROR CAM Marks and HD MIRROR CAM Commercial and/or literature; and

   iv. from falsely representing or suggesting that any products Defendants sell or offers for sale are authorized or emanate from Plaintiff, or from otherwise falsely advertising, representing or suggesting any connection with Plaintiff.

B. To direct the Defendants to provide an accounting of all profits of Defendants as a result of Defendants' unlawful conduct;

C For an order directing Defendants to pay a judgment in the amount of Plaintiff's actual damages under 15 U.S.C. §1117, 17 U.S.C. § 504, 35 USC §§284, 289 and New Jersey Law, as well as Defendants' profits, and pre- and post-judgment interest and treble damages pursuant to 15 U.S.C. §1117, 17 U.S.C. § 504, 35 U.S.C. §284, 289 and New Jersey Law, in an amount to be proven at trial;

D.      Requiring Defendants to pay to InvenTel statutory damages, pursuant to 17 U.S.C. § 504(c) and 35 U.S.C. §289;

E.      For an award of enhanced damages under 15 U.S.C. §1117, in an amount to be proven at trial, and punitive damages as appropriate;

F.      For an award of pre-judgment and post-judgment interest;

G.      Imposing Plaintiff's reasonable attorneys' fees against Defendants because of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 505 and 35 U.S.C. § 285;

H.      Requiring Defendants to pay to InvenTel punitive damages due to the exceptional circumstances of this case;

I.      For an award of damages under N.J.S.A. §56:8-19, et seq. including treble damages, attorneys' fees and costs of suit;

J.      That any third party service providers, including without limitation, web hosting providers, social media or other online service providers (including without limitation, Facebook, Twitter, Instagram, YouTube and Google+), back-end service providers, affiliate program providers, web designers, distributors, search-based online advertising services, and any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions which receive or process payments or hold assets on Defendants' behalf (including without limitation, Avangate Inc., Avangate B.V., PayPal, Western Union, PayEase, IPS Ltd., Realypay, WorldPay, Opus Payments, Amazon Payments, Shopify, WorldPay, Money Gram International, WebMoney, Visa, MasterCard, Discover, American Express, Visa Electron, Maestro, Solo, Laser, and Carte Bleue), shall immediately cease or disable providing such services to: (i) Defendants in connection with the

sale of infringing products (ii) Defendants in connection with the sale of products under the Infringing Marks (iii) any and all of the Li Websites displaying the Infringing Marks or the HD MIRROR CAM Commercial and/or Literature; and

K. For an award of such other and further relief as this Court deems just and equitable.

## LOCAL CIV. R. 11.2 CERTIFICATION

I certify that the matter in controversy between the parties is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.

Respectfully submitted,

Dated:  November 29, 2018

By:   */s/ Jeffrey Lubin*
Joseph A. Martin, Esq.
Jeffrey Lubin, Esq.
Martin Law Firm, LLC
10000 Sagemore Drive, Suite 10203
Marlton, New Jersey 08053
Tel.: (856) 888-7020
E-mail: jmartin@martinlawfirm.us
         jlubin@martinlawfirm.us

Attorneys for Plaintiff,
InvenTel Products, LLC

4829-7375-2961, v. 5